

U.S. Department of Justice

Matthew M. Graves
United States Attorney
District of Columbia



**FILED**

APR 2 5 2023

Clerk, U.S. District and
Bankruptcy Courts

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington, D.C. 20530*

April 13, 2023

John Buretta
Cravath, Swaine & Moore LLP
jburetta@cravath.com

Wick Sollers
King & Spalding LLP
wsollers@kslaw.com

*Via email*

UNDERSEAL

Re:  United States v. British-American Tobacco
Marketing (Singapore) Private Limited

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, British-American Tobacco Marketing (Singapore) Private Limited (hereinafter referred to as "your client" or "defendant" or "BATMS"), from the Office of the United States Attorney for the District of Columbia ("USAO-DC") and the Department of Justice's National Security Division ("NSD") (collectively, "the Government"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement").

The terms of the offer are as follows:

### 1.  Charges and Statutory Penalties

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with conspiracy to commit Bank Fraud, in violation of 18 U.S.C. §§ 1344 &

Page 1 of 19

1349, and conspiracy to violate the International Emergency Economic Powers Act, 50 U.S.C. § 1705(a). Your client hereby acknowledges that it has accepted this Agreement and decided to plead guilty because it is in fact guilty of the charged offense. The authorized corporate representative has authority to enter into this Agreement and has: (1) reviewed the Information in this case, the Statement of Offense, and the proposed Agreement or has been advised on the contents thereof; (2) consulted with legal counsel in connection with this matter; (3) agreed to enter into this Agreement and to admit to the attached Statement of Offense; (4) been authorized by BATMS to plead guilty to the charge specified in the Information; (5) agreed to the entry of a Consent Order of Forfeiture in this action; and (6) agreed to execute this Agreement and all other documents necessary to carry out the provisions of this Agreement.

Your client understands that (a) a violation of Bank Fraud carries a maximum penalty of $1,000,000, and (b) a violation of IEEPA carries (i) a maximum criminal penalty of $1,000,000, or (ii) a civil penalty of $250,000 or twice the amount of the violative transaction, whichever is greater. Additionally, both violations carry a maximum fine of $1,000,000 or twice the gross gain or gross loss, whichever is greater, pursuant to 18 U.S.C. § 3571(d). BATMS may also be subject to a term of corporate probation of not less than one year and not more than five years pursuant to 18 U.S.C. § 3561. The Court may also order restitution pursuant to 18 U.S.C. § 3663.

Fines imposed by the Court may be subject to the payment of interest. Your client also understands that, pursuant to 18 U.S.C. § 3572 and Section 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* 2018 (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any term of supervised release and period of probation. In addition, your client agrees to pay a special assessment of $400 per felony conviction to the Clerk of the United States District Court for the District of Columbia.

BATMS's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). BATMS cannot withdraw its plea of guilty unless the Court rejects this Agreement or fails to impose a sentence consistent with the Agreement.

## 2. Factual Stipulations

Your client agrees that the attached Statement of Offense fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty and establishes guilt for the offense charged beyond a reasonable doubt. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offenses charged in the Information and to also appear for the imposition of sentence. Your client agrees to accept the Statement of Offense attached hereto as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court. This Agreement is contingent on your client's acceptance of the Statement of Offense.

### 3. Additional Charges

In consideration of your client's guilty plea to the above offenses, and the complete fulfillment of all of the obligations under this Agreement, no additional criminal charges shall be filed against BATMS, or its successors-in-interest, by the Government for any violations by BATMS of United States fraud, money laundering, or economic sanctions laws and regulations relating to the conduct described in the statement of offense that occurred between August 2007 - June 2017, to the extent that BATMS has truthfully and completely disclosed such conduct to the Government as of the date of this Agreement. Nor will the Government bring any civil or further criminal forfeiture action against BATMS based on violations of United States fraud, money laundering, or economic sanctions laws and regulations related to the conduct described in the Statement of Offense, that occurred between August 2007 - June 2017, to the extent that BATMS has truthfully and completely disclosed such conduct to the Government as of the date of this Agreement. This Agreement provides no immunity or protection, in any manner, for individuals from any criminal investigation or prosecution.

### 4. Agreed Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, BATMS and the Government agree that a sentence of criminal forfeiture in the amount $189,541,115 (the "Forfeiture Amount"), a period of three years of corporate probation, a penalty and fine in the amount of $440,350,738.00 ("the penalty and fine amount"), and a special assessment of $800 is an appropriate sentence and should be imposed by the Court in connection with your client's guilty plea to the Information, taking into account the applicability of the Sentencing Guidelines, the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, and the need for the sentence to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to other criminal conduct, as well as for the sentence imposed to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). BATMS and the Government agree that this is a reasonable and appropriate sentence, which is sufficient, but not greater than necessary, to achieve the purposes of sentencing in light of the factors set forth under 18 U.S.C. §§ 3553(a) and 3572. BATMS agrees that it will not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any forfeiture imposed pursuant to this Agreement, including the amounts paid in satisfaction of the criminal forfeiture.

BATMS further admits that the facts set forth in the forfeiture allegation with respect to Count Two of the Information and in the Statement of Offense justify a finding that the proceeds of Count Two obtained by BAT and BATMS is at least greater than the Forfeiture Amount, which constitutes or is derived from proceeds traceable to Count Two. In connection with this resolution, BATMS agrees that at least the Forfeiture Amount is a result of the offense charged in Count Two and agrees to forfeit this amount to the Government, as discussed below in Paragraph 15.

The parties agree that BATMS and its parent company, British American Tobacco p.l.c. (the "Parent Company"), are jointly and severally liable for the fine, penalty, and forfeiture amount. The Parent Company is entering into a deferred prosecution agreement (the "DPA")

simultaneously with BATMS entering into this Agreement. The total monetary fine, penalty, and forfeiture amount in both the DPA and this Agreement is solely for purposes of reflecting BATMS's and the Parent Company's joint and several liability for a single amount of $629,891,853. In light of the DPA's requirement that the Parent Company pay a total monetary fine, penalty, and forfeiture of $629,891,853, the Parent Company's payment of such amount to the United States Treasury pursuant to the terms of the DPA will fully satisfy the fine, penalty and forfeiture amount imposed on BATMS pursuant to this Agreement. Your client agrees that the full penalty, fine, and forfeiture amount shall be paid by the Parent Company in accordance with the schedule described in ATTACHMENT A. Because the penalty, fine, and forfeiture amount will not be paid before the fifteenth day after the date of the judgment, the Parent Company will pay interest along with each payment as calculated pursuant to 18 U.S.C. § 3612(f)(2). BATMS agrees to pay the special assessment of $800 within ten business days of BATMS's sentencing hearing before the Court.

BATMS's or the Parent Company's failure to pay as agreed will place BATMS in breach of this agreement, and subject it to possible criminal charges and removal of any benefits conveyed by the agreement herein.

Except as may otherwise be agreed by the parties hereto in connection with a particular transaction, your client agrees that in the event that, during the period of probation, it undertakes any change in corporate form, including if it sells, merges, or transfers business operations that are material to your client's consolidated operations, or to the operations of any subsidiaries or affiliates involved in the conduct described in the attached Statement of Offense, as they exist as of the date of this Agreement, whether such sale is structured as a sale, asset sale, merger, transfer, or other change in corporate form, it shall include in any contract for sale, merger, transfer, or other change in corporate form a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement. BATMS agrees that the failure to include these provisions in the transaction will make any such transaction null and void. Your client shall provide notice to the Government at least thirty (30) days prior to undertaking any such sale, merger, transfer, or other change in corporate form. The Government shall notify your client prior to such transaction (or series of transactions) if it determines that the transaction(s) will have the effect of circumventing or frustrating the enforcement purposes of this Agreement. Nothing herein shall restrict your client from indemnifying (or otherwise holding harmless) the purchaser or successor in interest for penalties or other costs arising from any conduct that may have occurred prior to the date of the transaction, so long as such indemnification does not have the effect of circumventing or frustrating the enforcement purposes of this Agreement, as determined by the Government.

BATMS agrees to waive a pre-sentence investigation and report and consents to any Government request that the Court conduct a sentencing hearing and impose the sentence on the same date as the entry of the guilty plea.

BATMS and the Government further agree that the following conditions of corporate probation are appropriate in this case, will be part of BATMS's sentence, and BATMS agrees to abide by them:

a. the applicable mandatory conditions of probation described in 18 U.S.C. § 3563(a)(1) and U.S.S.G. § 8D1.3(a);

b. BATMS shall not commit any felony violation of United States Federal law during the term of the probation;

c. BATMS shall continue to participate in, enhance, and abide its compliance program and the compliance program it has adopted as part of this resolution; and

d. BATMS shall continue to cooperate fully with the Government in the manner set forth below in Paragraph 6.

## 5. Relevant Considerations

The Government enters into this Agreement based on the individual facts and circumstances presented by this case and BATMS. Among the factors considered were the following: (a) the nature and seriousness of the conduct described in the Statement of Offense; (b) BATMS's willingness to acknowledge and accept responsibility under the laws of the United States for the actions of its officers, directors, employees, and agents, as alleged in the Statement of Offense; (c) BATMS's remediation efforts taken to date; (d) BATMS's agreement to continue to enhance its Office of Foreign Assets Control sanctions and anti-money laundering compliance program; (e) BATMS's agreement to continue to cooperate with the Government, including proactive cooperation, as set forth in this Agreement; (f) BATMS's cooperation with this investigation, including conducting a thorough internal investigation, voluntarily making foreign-based employees available for interviews, producing documents to the Government, and collecting, analyzing, and organizing voluminous evidence and information for the Government; and (g) BATMS's failure to timely and voluntarily self-disclose the conduct described in the Statement of Offense before the commencement of the investigation into potential violations. After considering the above, the Government determined that $629,891,853 is an appropriate total monetary fine, penalty, and forfeiture amount for BATMS and the Parent Company for all violations.

## 6. Cooperation of the Defendant

In addition to the conditions of corporate probation set forth above, BATMS shall cooperate fully with the Government in a manner consistent with applicable law and regulations in any and all matters during the probation period. During the probation period, at the request of the Government, BATMS shall also cooperate fully with other domestic law enforcement authorities and agencies in any investigation of BATMS, its affiliates, subsidiaries, or any of its present and former officers, directors, employees, agents, and consultants, or any other party, in any and all matters. The obligation to cooperate with such investigations commenced during the probation period shall continue, notwithstanding the expiration of the probation period, until such investigation is concluded. Such cooperation shall include, but not be limited to the following:

a.  BATMS shall truthfully and completely disclose all information with respect to the activities of BATMS and its current or former officers, directors, agents, affiliates, consultants and employees concerning all matters about which the Government shall inquire;

b.  BATMS shall provide to the Government, upon request, any non-privileged or non-protected document, record, or other materials in BATMS's possession, custody, or control, including collecting and maintaining all records that are potentially responsive to the United States' requests for documents located abroad so that these requests may be promptly responded to;

c.  BATMS shall use its best efforts to make available for interviews or testimony, as requested by the Government, present or former officers, directors, employees, agents, and consultants, in any and all matters concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or relating to other potential violations of sanctions. This obligation includes, but is not limited to, sworn testimony before federal grand juries or federal trials, as well as interviews with domestic law enforcement and regulatory authorities. Cooperation under this paragraph shall include, at the request of the Government, identification of witnesses who, to BATMS's knowledge, may have material information concerning any act within the scope of or related to the conduct described in the Statement of Offense or this investigation or other potential violations of sanctions;

d.  During the probation period, BATMS agrees to assist law enforcement in proactive cooperation, including in possible undercover operations. As part of that promise, the Government will attempt to assist BATMS in processing U.S. dollar transactions;

e.  BATMS shall attend all meetings at which the Government requests its presence and use its reasonable best efforts to secure the attendance and truthful statements or testimony of any past or current officers, agents, or employees at any meeting or interview or before the grand jury or at trial or at any other court proceeding concerning the Government's Investigation;

f.  BATMS shall assemble, organize, and provide in a responsive and prompt fashion, and upon request, on an expedited schedule, all documents, records, information and other evidence in BATMS's possession, custody or control related to the Government's investigation as requested by the Government or designated governmental agency, including collecting and maintaining all records that are potentially responsive to the Government's requests for documents located abroad so that these requests may be promptly responded to;

g.  BATMS shall provide to the Government any information and documents that come to BATMS's attention that may be relevant to the Government's investigation, as specified by the Government, including informing the Government

of witnesses who, to BATMS's knowledge, may have material information concerning this ongoing investigation;

h. BATMS shall provide testimony or information concerning the conduct set forth in the Information and/or Statement of Offense including but not limited to testimony and information necessary to identify or establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any criminal or other proceeding as requested by the Government or designated governmental agency. To the extent documents above are in a foreign language, BATMS agrees it will provide, at its own expense, fair and accurate translations of any foreign language documents produced by BATMS to the Government either directly or through any Mutual Legal Assistance Treaties, or other appropriate requests for information held outside the United States;

i. Nothing in this Agreement shall be construed to require BATMS to produce any documents, records or tangible evidence that are protected by the attorney-client privilege or work product doctrine or other applicable confidentiality, criminal, or data protection laws. To the extent that the Government's request requires transmittal through formal government channels, BATMS agrees to use its best efforts to facilitate such a transfer and agrees not to oppose any request made in accordance with applicable law either publicly or privately;

j. BATMS shall bring to the Government's attention all non-frivolous allegations of criminal conduct by BATMS or any of its employees acting within the scope of their employment, as to which BATMS's Board of Directors, senior management, or United States legal and compliance personnel are aware; and

k. BATMS shall bring to the Government's attention any administrative, regulatory, civil, or criminal proceeding or investigation of BATMS relating to the Government's investigation.

## 7. Compliance Commitments

BATMS agrees to cooperate with the Government and abide by the following terms:

a. BATMS agrees to continue to implement a compliance and ethics program designed to prevent and detect violations of U.S. sanctions laws and regulations, money laundering, and bank fraud laws and regulations throughout its operations, including those of its affiliates, agents, subsidiaries, and joint ventures;

b. BATMS agrees to continue to implement compliance procedures and training designed to ensure that the BATMS employees understand how to prevent and detect violations of United States, United Nations, the United Kingdom, and Singapore sanctions laws and regulations, and United States money laundering and bank fraud laws and regulations. BATMS shall report to the Government the name and contact information, if available, of any entity or employee that makes a non-

frivolous report of a violation of such laws or regulations. BATMS further agrees to timely report to the Government any known attempts by any BATMS employees to circumvent or evade such laws and regulations; and

c. BATMS agrees that it will report to the Government annually regarding remediation and implementation of compliance programs during the period of corporate probation imposed by the Court. Such report should consist of information regarding the status of the BATMS's compliance with U.S. economic sanctions laws and regulations, money laundering, and bank fraud laws. The report may include proprietary, financial, confidential, and competitive business information. Moreover, public disclosure of the report could discourage cooperation or impede pending or potential government investigations and thus undermine the objectives of the reporting requirement. For these reasons, among others, the report and the contents thereof are intended to and shall remain non-public, except as otherwise agreed to the parties in writing, or except to the extent that the Government determines in its sole discretion that disclosure would be in furtherance of the Government's discharge of its duties and responsibility or is otherwise required by law.

## 8.  Acceptance of Agreement by the Court

The Government agrees, pursuant to Rule 11(c)(1)(C), to present this Agreement to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this Agreement. If the Court accepts this Agreement, the Court will sentence your client to a three-year term of probation, including payment of the following amounts:

- Bank Fraud Penalty & Fine, 18 U.S.C. §§ 1344, 3571(d) - $122,537,016;
- IEEPA Penalty & Fine, 18 U.S.C. § 3571(d), 50 U.S.C. § 1705 - $317,813,722;
- Criminal Forfeiture (IEEPA), 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(p); 28 U.S.C. § 2461 - $189,541,115; and
- $800 special assessment.

Your client understands that if the Court accepts this Agreement, then the Court will embody in the judgment and sentence the disposition provided for in this Agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

## 9.  Sentencing Guidelines Analysis for Bank Fraud

In accordance with Paragraph 8 above, your client understands that, but for the above described agreed sentence pursuant to Rule 11(c)(1)(C), the sentence in this case would be determined by the Court, pursuant to the factors set forth in U.S.S.G. § 8C2, because the offense conduct to which BATMS is pleading guilty is covered by U.S.S.G. § 2B1.1, Offenses Involving Fraud, and that Guideline is listed under U.S.S.G. § 8C2.1, which governs criminal fines for organizations. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

. . .

## A. Guideline Score Calculation

### Offense Level

Base Offense Level:                                                                      7
(U.S.S.G. §§ 2X1.1(a), 2B1.1(a)(1))

Min. of 12: Outside United States/Sophisticated means
(U.S.S.G. § 2B1.1(b)(10))

Min. of 24: More than $1 million in gross receipts from financial institutions
(U.S.S.G. §§ 2B1.1(b)(17)(A), 2B1.1( b)(17)(D))

Total Offense Level:                    ı                                               <u>24</u>

### Culpability Score

Base Score:                                                                              5
(U.S.S.G. § 8C2.5(a))

Plus: Pervasiveness/50 employees/substantial authority personnel                        +2
(U.S.S.G. § 8C2.5(b)(1)(B)(4))

Cooperation, Acceptance                                                                 -2
(U.S.S.G. § 8C2.5(g)(2))

Total Culpability Score:                                                                <u>5</u>

### Fine

Base Fine: Amount of pecuniary gain                                        $61,268,508.00
(U.S.S.G. §§ 8C2.4(a)(2))

Multipliers                                                                      1.0 – 2.0
(U.S.S.G. § 8C2.6)

Total Fine Range                                        $61,268,508.00–$122,537,016.00
(U.S.S.G. § 8C2.7)

## B. Acceptance of Responsibility

Your client is not eligible for an Offense Level reduction for acceptance of responsibility. *See* U.S.S.G. § 8C2.3 Application Note 2 ("In determining the offense level under this section,

apply the provisions of §§1B1.2 through 1B1.8. Do not apply the adjustments in Chapter Three, Parts A (Victim-Related Adjustments), B (Role in the Offense), C (Obstruction and Related Adjustments), and E (Acceptance of Responsibility)."). However, as noted below, your client does receive the benefit of a lowered culpability score under § 8C2.5.

### C. Estimated Guidelines Fine Range

Based upon the Estimated Offense Level set forth above, pursuant to U.S.S.G. §§ 8A1.2(b)(2), 8C2.1(a), 8C2.3, 8C2.4(a)(1) & (d), 8C2.5(a) & (g)(2), 8C2.6, and 8C2.7(a), the estimated Sentencing Guidelines fine range would be $61,268,508.00–$ 122,537,016.00 (the "Estimated Guidelines Range") depending on the multiplier (1.0-2.0).

### 10. Sentencing for IEEPA[1]

Based on the relevant statutes, as described in Part 1, BATMS could be liable for penalties and fines related to its conduct in violation of IEEPA of at least $507,354,837.

### 11. Rejection of This Agreement by the Court

The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this Agreement, and will afford your client an opportunity to withdraw the plea or maintain the plea. If your client elects to maintain the plea, the Court will inform your client that a final disposition may be less favorable to your client than that contemplated by this Agreement. Your client further understands that if the Court rejects this Agreement, the Government also has the right to withdraw from this Agreement and to be freed from all obligations under this Agreement, and may in its sole discretion bring different or additional charges, including before your client enters any guilty plea in this case. If the Court rejects this Plea Agreement or fails to impose a sentence consistent herewith, and BATMS withdraws the plea or the Government withdraws from this Agreement, the Plea Agreement and the Attached Statement of Offense shall be null and void.

### 12. Court Not Bound by This Agreement

In accordance with Paragraph 8 above, should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the parties further agree that a sentence of a criminal forfeiture of the Forfeiture Amount, and a fine equal to the penalty and fine amount, constitutes a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below.

Your client understands that should the Court reject this Agreement, your client elect to

---

[1]      *See* NSD Enforcement Policy for Business Organizations (Mar. 1, 2023) at 3 n.5 ("The Fine Guidelines for corporate defendants, covered in the U.S. Sentencing Guidelines (U.S.S.G.) §§ 8C2.1-8C2.9, do not apply to charges for export control and sanctions violations.").

maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a). Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client also acknowledges in this circumstance that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement, your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive should the Court reject this Agreement, your client elect to maintain the plea, and the Government fail to exercise its right to withdraw from this Agreement. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty if the Court does not follow the Government's sentencing recommendation.

## 13. Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charge to which your client is pleading guilty. The parties also reserve the right to inform the presentence report writer (should a presentence report be requested by the Court) and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement.

Your client further understands that the Government reserves its full right of allocution for purposes of sentencing in the event the Court rejects the Agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure and your client does not maintain its guilty plea, or, if your client withdraws its guilty plea, at any time. In such an event, the Government reserves its right to recommend a sentence of a fine up to the maximum fine allowable by law and to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty.

## 14. Waivers

### A. Venue

Your client waives any challenge to venue in the District of Columbia. BATMS agrees that, should the conviction following this plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution may proceed in the District of Columbia.

### B. Statute of Limitations

BATMS agrees that, should it withdraw its plea of guilty, should the Court reject the plea of guilty, or should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any conduct that has been disclosed to the Government during the course of this investigation that is not time-barred) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

### C. Trial Rights

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws its guilty plea or withdraws from this Agreement after signing it, except where the Court rejects this Agreement under Rule 11(c)(5).

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

Your client acknowledges and agrees that its counsel has rendered effective assistance.

## D. Appeal Rights

Your client agrees to waive the right to appeal the conviction in this case on any basis permitted by law, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any fine, forfeiture, award of restitution, term or condition of probation, authority of the Court to set conditions of probation, and the manner in which the sentence was determined, and also including the appeal of any sentence imposed if the Court rejects this Agreement and neither party withdraws from the Agreement. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

## E. Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack available under law, except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel.

## F. Privacy Act and FOIA Rights

Your client also waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## 15. Forfeiture

BATMS agrees that the facts set forth in the Statement of Offense and admitted by BATMS establish that the Forfeiture Amount is forfeitable to the United States as proceeds obtained by BATMS or its subsidiaries or traceable to the violation set forth in Count Two of the Information. The parties agree to submitting the proposed final forfeiture amount ("Final Forfeiture Amount") at or before sentencing. BATMS consents to the entry of the Consent Order of Forfeiture and agrees that it shall be final as to BATMS at the time of sentencing and become part of the sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A). BATMS agrees to entry of a money judgment in the amount of $189,541,115 as part of the Consent Order of Forfeiture, for which amount it is jointly and several liable with BAT as a result of the conduct to which BATMS is pleading guilty.

Page 13 of 19

BATMS agrees that if it does not pay the Government the Forfeiture Amount at or before the end of the period of probation, this Agreement permits the Government to seek to forfeit any of its assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies them, up to the amount of the outstanding balance of the Consent Order of Forfeiture. Regarding any asset or property, BATMS agrees to forfeiture of all interest in: (1) any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which it is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. *See* 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853(p); 28 U.S.C. § 2461. The Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture BATMS has consented to in this Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Agreement through the criminal forfeiture process, BATMS agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

BATMS understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

The Government agrees, pursuant to joint and several liability principles, that any amount owed under the Consent Order of Forfeiture will be offset by any future Government seizures or forfeitures resulting from BATMS's cooperation.

BATMS agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## 16. Breach of Agreement

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record" debriefings, and including your client's statements

made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

## 17. Public Statements

BATMS expressly agrees that it shall not cause to be made, through their attorneys, boards of directors, agents, officers, employees, consultants or authorized agents (including contractors, subcontractors, or representatives), including any person or entity controlled by any of them, any public statement contradicting or excusing any statement of fact contained in the Statement of Offense. Any such public statement by BATMS, its attorneys, boards of directors, agents, officers, employees, consultants, contractors, subcontractors, or representatives, including any person or entity controlled by any of them, shall constitute a willful and material breach of this Agreement as governed by Paragraph 16 of this Agreement, and the Government would then be released from its obligations under this agreement. The decision of whether any public statement by any such person contradicting or excusing a fact contained in the Statement of Offense will be imputed to BATMS for the purpose of determining whether the Agreement has been materially breached shall be in the sole and reasonable discretion of the Government.

Upon the Government's notification to BATMS of a public statement by any such person that in whole or in part contradicts or excuses a statement of fact contained in the Statement of Offense, BATMS may avoid breach of this Agreement by publicly repudiating such statement within seventy-two hours after notification by the Government. BATMS shall be permitted to raise defenses and to assert affirmative claims in other proceedings relating to the matters set forth in the Statement of Offense provided that such defenses and claims do not contradict, in whole or in part, a statement contained in the Statement of Offense. This paragraph does not apply to any statement made by any present or former officer, director, employee, or agent of BATMS in the course of any criminal, regulatory, or civil case initiated against such individual, unless such individual is speaking on behalf of BATMS. Subject to this paragraph, BATMS retains the ability to provide information or take legal positions in litigation or other regulatory proceedings in which the Government is not a party.

BATMS agrees that if it issues a press release or holds any press conference in connection with this Agreement, BATMS shall first consult with the Government to determine: (a) whether the text of the release or proposed statements at the press conference are true and accurate with respect to matters between the parties; and (b) whether the Government has any objection to the release.

## 18. Prosecution by Other Agencies or Jurisdictions

This Agreement binds only the USAO-DC and NSD. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any State or local prosecutor. These individuals and agencies remain free to prosecute BATMS for any offenses committed within their respective jurisdictions. The USAO-DC and NSD agree to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this Agreement and the cooperation provided by BATMS.

## 19. Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the USAO-DC and NSD. This Agreement does not bind any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than April 14, 2023.

Sincerely yours,

Matthew M. Graves
United States Attorney

Karen P. Seifert
Assistant United States Attorney

Page 16 of 19

Matthew G. Olsen
Assistant Attorney General
National Security Division

Beau Barnes
Trial Attorney
Counterintelligence and Export Control
Section

## COMPANY OFFICER'S CERTIFICATE

I have read this Agreement and carefully reviewed every part of it with outside counsel for British-American Tobacco Marketing (Singapore) Private Limited (the "Company"). I understand the terms of this Agreement and voluntarily agree, on behalf of the Company, to each of its terms. Before signing this Agreement, I consulted outside counsel for the Company. Counsel fully advised me of the rights of the Company, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement.

I have carefully reviewed the terms of this Agreement with the Board of Directors of the Company. I have advised and caused outside counsel for the Company to advise the Board of Directors fully of the rights of the Company, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into the Agreement.

No promises or inducements have been made other than those contained in this Agreement. Furthermore, no one has threatened or forced me, or to my knowledge any person authorizing this Agreement on behalf of the Company, in any way to enter into this Agreement. I am also satisfied with outside counsel's representation in this matter. I certify that I am the authorized representative for the Company and that I have been duly authorized by the Company to execute this Agreement on behalf of the Company.

Date: __April 14, 2023__

<div style="margin-left:40%">

BRITISH-AMERICAN TOBACCO MARKETING
(SINGAPORE) PRIVATE LIMITED

By: ___*CuMG*___

Gareth Cooper
Authorized Representative
British-American Tobacco Marketing (Singapore)
Private Limited

</div>

## CERTIFICATE OF COUNSEL

We are counsel for British-American Tobacco Marketing (Singapore) Private Limited (the "Company") in the matter covered by this Agreement. In connection with such representation, we have examined relevant Company documents and have discussed the terms of this Agreement with the Company Board of Directors. Based on our review of the foregoing materials and discussions, we are of the opinion that the representative of the Company has been duly authorized to enter into this Agreement on behalf of the Company and that this Agreement has been duly and validly authorized, executed, and delivered on behalf of the Company and is a valid and binding obligation of the Company.

Further, we have carefully reviewed the terms of this Agreement with the Board of Directors and the authorized representative of the Company. We have fully advised them of the rights of the Company, of possible defenses, of the Sentencing Guidelines' provisions and of the consequences of entering into this Agreement. To my knowledge, the decision of the Company to enter into this Agreement, based on the authorization of the Board of Directors, is an informed and voluntary one.

Date: __April 14, 2023__

By: _____
John D. Buretta
Evan Norris
Megan Y. Lew
Cravath, Swaine & Moore LLP

By: _____
Wick Sollers
King & Spalding LLP

Counsel for British-American Tobacco Marketing (Singapore) Private Limited

Page 19 of 19

## ATTACHMENT A

## PAYMENT SCHEDULE

### Payable on or before September 30, 2023

| Fine | $ 220,175,369.00 |
|------|------------------|
| Forfeiture | $ 94,770,557.50 |

### Payable on or before June 30, 2024

| Fine | $ 220,175,369.00 |
|------|------------------|
| Forfeiture | $ 94,770,557.50 |

| Total | $ 629,891,853.00* |
|-------|-------------------|

*Exclusive of interest calculated pursuant to 18 U.S.C. § 3612(f)(2)